The Honorable David Choate State Representative 709 North Main Beebe, Arkansas 72012-2821
Dear Representative Choate:
This is in response to your request for an opinion on the legality of certain sections of the City of Beebe's planning and zoning ordinance, which sections prevent the rental of mobile homes and terminate non-conforming uses in residential zones after a two year period. You note that the ordinance contains a provision which allows the occupancy of mobile homes for residential purposes, but prohibits their use as rental units or rental property. Specifically, you note, Section 8, 2-(a) of Ordinance 286-L states:
 (a) The mobile home will be used as a residence for the legal owner of said lot, or by members of his immediate family, and shall not be used for rental purposes.[1]
Further, you note, for mobile homes which might have been used for rental property before adoption of the ordinance or for areas annexed after its adoption, Article VI, Section 1 provides for non-conforming uses and subdivision (3) of Section 1 specifically provides for extinguishment of non-conforming uses in residential zones after two (2) years. The relevant language of Section 1 states:
Section 1. Non-conforming Use of Land:
 Where, on the effective date of this Ordinance, a lawful use of land exists that is made no longer permissible under the terms of these zoning regulations as enacted or amended, such use may be continued, so long as it remains otherwise lawful, subject to the following provisions:
 (1) No such non-conforming use shall be enlarged or increased, nor extended to occupy a greater area of land than was occupied at the effective date of adoption or amendment of this zoning ordinance.
 (2) If any such non-conforming use of land ceases for any reason for a period of more than six months, any subsequent use of such land shall conform to the regulations specified by this ordinance for the district in which the land is located.
 (3) In a residential zone, no such non-conforming use of land shall be continued for more than two (2) years from the date of adoption of this ordinance
(4) or after the effective date of annexation.
You pose two questions regarding the validity of these sections as follows:
 1. Is it legal for the City of Beebe to enforce Section 8, 2-(a) preventing the rental of mobile homes within the city limits after the adoption of Ordinance 286-L?
 2. Can the City of Beebe legally enforce Section 1(3) of Ordinance 286-L after two (2) years against mobile homes that were being rented prior to adoption of the ordinance or which were being rented in areas annexed after its adoption in 1974?
The answer to your questions is that the City of Beebe can legally enforce these sections of its ordinance until the ordinance is successfully challenged in a court action. Such ordinances are presumed constitutional, absent a showing that they are arbitrary or capricious or adversely affect vested rights. The question of whether a challenge to Ordinance 286-L would be successful would depend to a large extent upon factual issues. The validity of zoning ordinances must be determined with reference to all surrounding facts and circumstances regarding a particular piece or pieces of property. I am not empowered as a factfinder in the issuance of official legal opinions, and thus cannot opine conclusively as to whether Ordinance 286-L is valid as to any particular property. I can, however, set out the relevant standard of review, and point out relevant case law on the topic.
With regard to your first question, a 1996 decision of the Arkansas Supreme Court involving a rezoning request for mobile homes sets out the appropriate standard of review for such challenges. In City of Lowell v. M N Mobile Home Park, 323 Ark. 332, 916 S.W.2d 95 (1996), the Arkansas Supreme Court noted that: "In reviewing cases involving . . . zoning ordinances, there is a presumption that the legislative branch acted in a reasonable manner, and the burden is on the moving party to prove that the enactment was arbitrary." 323 Ark. at 338, citing City of Little Rockv. Breeding, 273 Ark. 437, 619 S.W.2d 664 (1981). The court stated further:
 The chancery court has a limited function in reviewing legislation. It acts not as an ordinary court of equity, but instead acts only to determine whether the legislative action was arbitrary, capricious, and unreasonable. [Citation omitted.] We recently defined `arbitrary' and capricious' in City of Little Rock v. Pfeifer, 318 Ark. 679, 887 S.W.2d 296 (1994), as follows: Arbitrary is `decisive but unreasoned action,' and capricious is `not guided by steady judgment or purposes.' The definition most easy to apply was given in City of Little Rock v. Breeding [supra], when we said that the enactment was not arbitrary if there was any reasonable basis for its enactment. . . .
 In summary, the party alleging that legislation is arbitrary has the burden of proving that there is no rational basis for the legislative act, and regardless of the evidence introduced by the moving party, the legislation is presumed to be valid and is to be upheld if the judicial branch finds a rational basis for it. It is not for the judicial branch to decide from evidence introduced by the moving party whether the legislative branch acted wisely.
323 Ark. at 339-340.
The court in City of Lowell, in a 4-3 decision, found a refusal to rezone a portion of land for a mobile home park reasonable. The owner of the approximately seven acre tract operated a mobile home park on some two acres of the land, and wished to utilize the remaining five acres (which was zoned for single family dwellings) for expansion of the park. After the rezoning was refused by the planning commission and the city council, the owner sued, alleging the refusal to rezone was arbitrary. The chancellor below found the refusal arbitrary, but the Arkansas Supreme Court reversed, and found a rational basis for the refusal. In so holding, the court noted that "the opinion of local residents, when it reflects logical and reasonable concerns, is an appropriate factor for a planning commission or a city council to consider in zoning cases, and can help form a rational basis for a city's legislative decisionmaking." Id.
at 343-344. The court also stated, however, that: "the mere fact of public opposition to a zoning application will not supply a rational basis for denial of an application. The public opposition must reflect logical and reasonable concerns. If the rule were otherwise, public opinion by itself could justify the denial of constitutional rights and those rights would thus be meaningless." Id. at 344. The court noted that in City ofLowell, the residents opposition expressed the logical and reasonable concerns of increased traffic on limited roads and a probable decrease of the value of surrounding lands. There was a strong dissent by three justices, who indicated that it was "difficult to envision a stronger case for a finding of arbitrariness that this one." Id. at 348, Jesson, CJ., Glaze, J., and Corbin, J., dissenting. The dissenting justices felt that the court had "given credence to the idea that neighborhood objections, no matter how lacking in factual support, may serve as a basis for a city's zoning decisions" and that "the majority opinion . . . sanctioned the use of unproved fears, stereotypes and prejudices as providing a rational basis for zoning decisions." Id. at 349.
As can be seen from the summary of the City of Lowell decision, reasonable minds can differ on whether the application of a particular zoning ordinance regulating mobile homes is supported by a rational basis. One practical effect of Section 8, (2)-a, which prohibits the rental of mobile homes within the City, is to prohibit the location of new mobile home "parks," on which individuals rent a mobile home from a non-related owner of the land. It has been stated with regard to ordinances having this effect that:
 Regulations which exclude trailer parks from the municipality have aroused perhaps the most controversy, undoubtedly because of the total prohibition of trailer park usage resulting therefrom. Attacks upon such regulations have been made on the grounds that the regulations are unreasonable, that they involve an abuse of the zoning power, and that they are in conflict with state regulation, which on their face have given approval to trailer park life within the state. The courts do not agree upon the validity of such regulations; an important factor in decisions in which the validity of such regulations has been attacked often seems to be the basic attitude of the court toward trailer park life.
Erwin S. Barbre, 42 A.L.R. 598, 602, Validity and Application of ZoningRegulations Relating to Mobile Home or Trailer Parks. See also
17 A.L.R. 4th 106; 96 A.L.R. 2d 232; and 22 A.L.R. 2d 774.
Additionally, as noted at 101A C.J.S. Zoning and Land Planning § 20, "[t]he question whether a zoning enactment or regulation constitutes a valid exercise of the police power must be determined in each case by the facts and circumstances surrounding it. The line which separates the legitimate from the illegitimate assumption of power is not capable of precise delimitation, but varies with circumstances and conditions." (Footnotes omitted). I cannot opine, therefore, as to the validity of Section 8, 2-(a) of Ordinance 286-L in the abstract. Its validity must be determined by a court with reference to all the relevant facts and circumstances surrounding its application to specific property or properties.
It is my opinion similarly, that the answer to your second question, concerning the validity of the two year time limitation for the extinguishment of non-conforming uses, must be determined by a factfinder with reference to specific property. I have found no Arkansas case specifically addressing such a time limitation. It has been stated generally by the Arkansas Supreme Court, however, with regard to non-conforming uses, that:
 In construing the city ordinances and their effect, we must remember that zoning ordinances, being in derogation of the common law, must be strictly construed in favor of the property owner and that, under our constitution, the right of private property is regarded as before and higher than [any other] constitutional sanction. [Citations omitted.] Attempts to deprive the owner of a preexisting use have been regarded as unconstitutional as a taking of property without compensation or in violation of due process of law. [Citations omitted.] . . . It is widely recognized that a property owner has vested rights in a non-conforming use of his property. . . . Particular applications of the constitutional principles governing vested rights in non-conforming uses have been applied in cases involving mobile home or trailer parks. Vested rights entitled to constitutional protection have been held to exist when there has been a substantial establishment and development of land for use as such a park. [Citations omitted.]
Blundell v. City of West Helena, 258 Ark. 123, 522 S.W.2d 661 (1975), at 130, 131, and 132.
With regard to a specific time limitation for the extinguishment of a non-conforming use, it has been stated generally, that:
 While the right to the continuation of nonconforming uses is constitutionally protected . . . and zoning laws unreasonably depriving an owner of such right are invalid . . . a zoning authority may, in the proper and reasonable exercise of the police power provide for the termination or eventual elimination of such uses. So, except where the statute conferring zoning powers limits the restriction of nonconforming uses by subordinate bodies, a nonconforming use may be ordered terminated within a specified period of time. The termination of the nonconforming use must be made under reasonable conditions, provided at least that on balance the public benefit outweighs the private injury or hardship, and the time allowed is reasonable.
 In attempting to eliminate nonconforming uses, the ordinance must do so without jeopardizing vested rights, and the validity thereof may depend on whether the nonconforming user has made a substantial investment, and on whether the investment can be substantially utilized or recovered through a then permitted use.
101A C.J.S. Zoning and Land Planning § 158 (footnotes omitted).
Again, the reasonableness of the time limitation found in Ordinance 286-L must be determined with regard to its application to particular property, and thus is largely a question of fact for a court to determine. I hope the foregoing, however, is helpful in addressing the issues presented.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] You have not enclosed the entire ordinance for my review, and have quoted only two sections thereof. My review is therefore limited to a discussion of the law relating to these two sections viewed in isolation.